UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH RICHARD ESKIN,

Plaintiff,

v.

MELANIE SMITH et al.,

Defendants.

Case No. 1:24-cv-1269

Honorable Robert J. Jonker

# **OPINION**

This is a civil rights action brought by Plaintiff Keith Richard Eskin, Jr. under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under that section, when a plaintiff is proceeding *in forma pauperis*, the court must "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Additionally, this matter is before the Court on a motion to dismiss (ECF No. 32) filed by Defendants Andrew Golden, Calvin Harshman, Cody King, Luke Shafer, and Scott Williams, and on a motion to dismiss (ECF No. 39) filed by Defendants Tyler Tenbrink, Aaron Bush, Benjamin Brandenburg, and Kyle Jenks. For the reasons set forth below, the Court will grant both motions.

## **Discussion**

### **I. Factual and Procedural Background**

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility in Manistee, Michigan. He is serving concurrent sentences imposed by the Ingham County Circuit Court in case number 2023-000000566-FH following Plaintiff's

*nolo contendere* plea to charges of unlawful imprisonment, assault with intent to do great bodily harm, and interfering with electronic communications. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/search (enter First Name "Keith," Last Name "Eskin," select Search, select Offender Number 674680) (last visited Sept. 29, 2026).[1] Plaintiff has already completed a concurrent sentence of 2 years' imprisonment imposed by the Ingham County Circuit Court in case number 2023-000000713-FH following Plaintiff's *nolo contendere* plea to a charge of use of a firearm during the commission of a felony. As part of the same plea bargain, Plaintiff obtained a *nolle prosequi* dismissal of a charge for felon in possession of ammunition in Ingham County Circuit Court case number 2024-000000715-FH.[2] Following the preliminary examination, the other six charges in that case were dismissed because of issues relating to a search of Plaintiff's person. That search lies at the heart of Plaintiff's complaint. Plaintiff contends that the Defendants all played some role in violating his Fourth Amendment right to be free of unreasonable searches and seizures.

Plaintiff sues four Lansing police officers who were involved in executing the search warrant: Tyler Tenbrink, Aaron Bush, Benjamin Brandenburg, and Kyle Jenks. Plaintiff also sues five state troopers who were involved in executing the search warrants: Calvin Harshman, Andrew Judson Golden, Scott Williams, Luke Shafer, and Cody King.

---

[1] This Court takes judicial notice of the information provided by a search of the MDOC's OTIS website with regard to Plaintiff. *See, e.g., United States v. Alexander*, 543 F.3d 819, 824 (6th Cir. 2008); *Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

[2] *See* https://micourt.courts.michigan.gov/case-search/ (select "Continue," enter "Ingham" in the search box, select Court Name "30th Circuit Court," enter Last Name "Eskin" and First Name "Keith," select Search, select Case ID "2024-00000715-FH-FH") (last visited Sept. 29, 2026). A court may take judicial notice of the proceedings of other courts, including their docket reports. *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6tth Cir. 2020).

By order entered October 24, 2025, the Court struck Plaintiff's initial complaint and directed Plaintiff to file an amended complaint. (Order, ECF No. 26.) Plaintiff filed his amended complaint on November 3, 2025. (Am. Compl., ECF No. 27.) Two weeks later, Plaintiff filed a second amended complaint without leave of court. (Second Am. Compl., ECF No. 36.) By order entered May 20, 2026, the Court struck the second amended complaint because Plaintiff had filed it without leave of court. (Order, ECF N. 47.) Thus, Plaintiff's first amended complaint is the operative complaint.

Plaintiff alleges that on June 6, 2024, after he walked out of a Family Dollar store at 5814 Pennsylvania Avenue in Lansing, Michigan, Defendant Bush approached Plaintiff, grabbed him by the arm, and informed Plaintiff that he had a warrant to search Plaintiff and Plaintiff's apartment at 5821 Richwood, Apartment #9. (Am. Compl., ECF No. 27, PageID.172.)[3] Defendant Bush, Defendant Tenbrink, and Defendant Harshman searched Plaintiff's person and located a firearm. (*Id.*)

Plaintiff contends that the search violated his Fourth Amendment rights because it exceeded the scope of the search warrant. (*Id.*) He also claims that Defendant Bush used excessive force when he grabbed Plaintiff by the arm. (*Id.*) Plaintiff does not suggest that the force used was objectively excessive in the sense of being harsh or painful or unusually fierce; instead, he notes that the state district court judge concluded that Defendant Bush's act of grabbing Plaintiff's arm "went beyond a normal '*Terry* patdown/stop'" and, under those circumstances, was excessive. (*Id.*,

---

[3] According to Google maps, https//www.google.com/maps, the front door of the Family Dollar store is approximately 600 feet from Plaintiff's apartment building. Courts may take judicial notice of maps showing the distance between locations. *Gordon v. City of Hamtramck, Mich*., __ F4th __, 2026 WL 2454334, at *2 n.2 (6th Cir. Aug. 21, 2026); *see also Livingston Christian Schs*. v. *Genoa Charter Township*, 858 F.3d 996, 1008 (6th Cir. 2017) (using Google maps to measure the distance between two locations).

("there was not even a warrant to just search my person anywhere. Aaron Bush had no reason to grab me at all, and that's why I claim excessive force").)

Plaintiff claims that other Lansing police officers and Michigan state troopers approached him and assisted with the search and seizure of his person. (*Id.*) He does not identify the other officers.

Plaintiff notes that he was not read his *Miranda* rights. (*Id.*) Additionally, Plaintiff was never shown the search warrant. (*Id.*) Plaintiff referenced the search warrant in his complaint (*id.*, PageID.173); and provided it as an exhibit to be considered as part of his complaint. (ECF No. 20-2, PageID.148–150.)[4] The search warrant, obtained based on the affidavit of Defendant Brandenburg, provides:

> **The person, place, or thing to be searched is described as and is located at:**
>
> The residence to be searched is 5821 Richwood Apt. 9. 5821 Richwood is a two-story multi-unit structure containing several apartments. The structure has a brown brick exterior, brown shingles, and the main entry door for the structure faces west and is white in color. The numbers 5821 are affixed to a pillar to the north of the west facing entry door and are black in color. 5821 Richwood is the 4th structure north of Conrad Ave. on the east side of Richwood St. Apt. 9 is located within 5821 Richwood in the northwest comer of the building on the first floor. The entry door is gray in color there is no number affixed to the door.

---

[4] The exhibits Plaintiff intended to be attached to his initial complaint are deemed to be part of his amended complaint per the Court's October 24, 2025, order directing Plaintiff to file an amended complaint. (Order, ECF No. 26.) The Court may consider documents that are attached to a complaint when considering whether the complaint states a claim upon which relief may be granted. *See, e.g., Powell v. Messary*, 11 F.App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District of Michigan District Court's consideration of the attachments to the plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16–1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim); *Hogan v. Lucas*, No. 20-4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)).

> The areas to be searched are as follows:
>
> The residence and all rooms, containers, closets, safes, computers, hard drives, flash drives, cellular phones, cameras, or any compartment accessible within.
>
> Vehicles registered to or under the control of the occupants owners, and/ or tenants of the properties described above to include any vehicle discovered to be occupied by Keith Richard Eskin. (08/16/2003).
>
> The physical person of the occupants at 5821 Richwood Apt. 9, if present during the execution of the search warrant. including but not limited to Keith Richard Eskin (08/16/2003).

(*Id.*) Plaintiff also attaches to his complaint the transcripts of two of the three preliminary examination hearings, (ECF Nos. 20-1, 20-3), including the testimony of four of the defendants: Bush, Tenbrink, Jenks and Harshman. Plaintiff additionally includes police reports recounting the events of the night that the search warrant was executed from Defendants Bush, Tenbrink, Jenks, Golden, and Williams, and non-party Officer Joseph Traverso. (ECF No. 20-2, PageID.129–141.) The complaint, the preliminary examination transcripts, and the police reports, provide a fairly complete picture of the events at issue.

Plaintiff seeks millions of dollars in compensatory and punitive damages. (Am. Compl., ECF No. 27, PageID.176.)

## II. Failure to State a Claim on Which Relief May Be Granted

A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

When evaluating whether a complaint states a claim, the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true and view facts in the light most favorable to the plaintiff, [but the Court] 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 138 (6th Cir. 2023) (quoting *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The Court is limited in the materials it can properly take into account when deciding whether a complaint states a claim on which relief may be granted:

> As with any Rule 12(b)(6) motion, [courts] begin by accepting as true the complaint's plausible allegations of fact. [*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)]. Then, [courts must] look at the facts "collectively," consulting not just the complaint but also the documents referenced by the complaint and any matter of which we may take judicial notice. *Id*. at 322–23,. Finally, we consider any "plausible opposing inferences." *Id*. at 323.

*Newtyn Partners, LP v. All. Data Sys. Corp.*, 165 F.4th 947, 965 (6th Cir. 2026) (parallel citations omitted).

Federal Rule of Civil Procedure 8 requires that the complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The form complaint Plaintiff submitted provides further direction: "Describe how each defendant is personally involved. Include the names of other persons involved, dates and places." (Am. Compl., ECF No. 27, PageID.172.) Plaintiff makes sufficient allegations regarding the roles Defendants Bush, Tenbrink, and Harshman played with regard to the search of his person. Beyond mentioning that Defendant Jenks testified, Plaintiff only references the remaining defendants generically as other officers. Plaintiff does not identify specifically how each of the "other officers" were personally involved beyond saying that they assisted in the execution of the search and failed to intervene. As the Sixth Circuit Court of Appeals explained in *Boxill v. O'Grady*, 935 F.3d 510 (6th Cir. 2019), "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable" for the alleged improper conduct. *Id*. at 518.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that his Fourth Amendment rights were violated because the search of his person exceeded the scope of the warrant, by the use of excessive force—grabbing his arm—before the search, by his arrest without probable cause, and by his malicious prosecution. Plaintiff's claim that he was not given *Miranda* warning implicates the protections of the Fifth

Amendment. Additionally, Plaintiff claims that the officers were biased and prejudiced against him, which may implicate the Equal Protection Clause of the Fourteenth Amendment.

## III. Fourth Amendment Violations

Plaintiff contends that his Fourth Amendment rights were violated because the search of his person exceeded the scope of the warrant, by the use of excessive force—grabbing his arm—before the search, by his arrest without probable cause, and by his malicious prosecution.

### A. Exceeding the Scope of the Warrant

Plaintiff's complaint does not call into question the validity of the warrant. But "a search pursuant to a valid warrant may devolve into an invalid general search if the officers "flagrantly disregard the . . . limitations of [the] search warrant." *United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007) (quoting *United States v. Lambert*, 771 F.2d 83, 93 (6th Cir.1985)). "For purposes of general search analysis, we will find that an officer flagrantly disregards the limitations of a warrant only where he "exceed[s] the scope of the warrant *in the places searched* " (rather than the items seized)." *Id*. (citing, *inter alia*, and quoting *Waller v. Georgia*, 467 U.S. 39, 43 n.3 (1984)). "The test for determining if the officers engaged in an impermissible general search is whether their search *unreasonably* exceeded the scope of the warrant.

Plaintiff contends the warrant was exceeded with regard to the search of his person. The limiting language regarding the search of persons reads as follows:

> The physical person of the occupants at 5821 Richwood Apt. 9, if present during the execution of the search warrant. including but not limited to Keith Richard Eskin (08/16/2003).

(ECF No. 20-2, PageID.148–150.) The term occupants is not without ambiguity. For example, an occupant of apartment #9 might be a person who lives there or a person who happens to be in the apartment at a particular time. *Occupant*, https://dictionary.cambridge.org/us/dictionary/english/occupant (last visited Sept. 30, 2026). Plaintiff was an occupant in the first sense when he walked

out of the Family Dollar, even if he was not an occupant in the second sense at that moment. The other limit—"if present during the execution of the search warrant"—is less ambiguous, but it, too, is open to interpretation. For example, because the warrant also covered vehicles; the search warrant could be executed on Richwood street or in the apartment building parking lot. An occupant, meaning a person who resides in the apartment, might be considered "present" during the execution of the search warrant if the resident was in the vicinity. Put differently, the warrant did not contemplate that the only location to be searched would be the apartment.

Nonetheless, we have the sworn preliminary examination testimony of Defendants Bush, Tenbrink, Harshman, and Jenks. They were not confronting Plaintiff in the parking lot of the Family Dollar because he was present while they were looking for the vehicles of apartment #9 residents. Defendants Bush and Tenbrink both testified that they understood that the warrant permitted a search of the apartment and Plaintiff's person. (ECF No. 20-1, PageID.110, 114–116.)[5]

The state district court judge concluded that the officers had exceeded the scope of the warrant. She determined that "the plain language of the search warrant only included the search of Mr. Eskin if he was actually present at the address." (ECF No. 20-3, PageID.154.) She concluded that there was no other circumstance that might have justified the search or the seizure of the firearm. (*Id.*) Therefore, she suppressed the firearm that was seized during the search of Plaintiff. (*Id.*) It is on the strength of the judge's prior determination that Plaintiff contends his Fourth Amendment rights were violated.(*See generally* Am. Compl., ECF No. 27.) That determination, however, does not have preclusive effect.

[5] Plaintiff is the party who offered this testimony. He does not contest the accuracy of the testimony even though he disagrees with the Defendants' interpretation of the warrant. Indeed, Plaintiff repeatedly relies on the accuracy of Defendants' testimony in his allegations.

Federal courts give the same preclusive effect to state court judgments as those judgments would receive in the courts of the rendering state. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). The Michigan Supreme Court has identified three prerequisites to the application of the doctrine of issue preclusion:

> (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment"; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) "there must be mutuality of estoppel."

*Monat v. State Farm Insurance Co*., 677 N.W.2d 843, 845–46 (2004) (footnotes and citation omitted). The second prerequisite is not met here. None of the Defendants were parties to the state court prosecution. As the Sixth Circuit Court of Appeals has explained:

> [T]he cases applying Michigan law have all held that police officer defendants in a § 1983 case are not in privity with the prosecution of a related criminal case and do not have a personal stake in the outcome of the criminal case. *See Von Herbert v. City of St. Clair Shores*, 61 F.App'x 133, 136 n. 1 (6th Cir.2003) (unpublished); *Burda Brothers, Inc. v. Walsh*, 22 F.App'x 423, 430 (6th Cir.2001) (unpublished); *Kegler v. City of Livonia*, 1999 WL 133110, at *2 n. 2 (6th Cir.1999) (unpublished); *Glass v. Abbo*, 284 F.Supp.2d 700, 705–06 (E.D.Mich.2003). Therefore, collateral estoppel cannot be used offensively to preclude the litigation of an issue addressed in an associated criminal case.

*Hardesty v. Hamburg Township*, 461 F.3d 646, 651 (6th Cir. 1999). Accordingly, Defendants are not precluded from relitigating the reasonableness of the search.

Plaintiff's allegations depend entirely on the state court's ruling to demonstrate that the search unreasonably exceeded the scope of the warrant. Because the language of the warrant is ambiguous on its face, the Court concludes that Plaintiff has failed to allege *facts* that support an inference that Defendants search of Plaintiff a few hundred feet from his apartment building unreasonably exceeded the scope of the warrant. For that reason, Plaintiff has failed to state a Fourth Amendment claim on which relief may be granted.

Alternatively, "[a]n officer's authority to detain incident to a search is categorical; it does not depend on the 'quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure.'" *Muehler v. Mena*, 544 U.S. 93, 98 (2005) (quoting *Michigan v. Summers*, 452 U.S. 692, 705 (1981)). Thus, Defendant Bush directing Plaintiff to stop and grabbing Plaintiff's arm to detain him was reasonable. As part of the detention and to ensure officer safety, Defendant Bush asked Plaintiff if he had any weapons. (ECF No. 20-1, PageID.111.) Plaintiff responded that he had a gun. (*Id.*) The Defendants were aware that Plaintiff was not eligible to carry a firearm because of prior felony convictions. (*Id.*, PageID.110.) Plaintiff was committing a crime by carrying a firearm. The Defendants were authorized to search and arrest Plaintiff for that reason. Accordingly, Plaintiff has failed to state an unreasonable search claim on which relief may be granted.

**B. Excessive Force**

Defendant Bush was categorically permitted to detain Plaintiff under the circumstances. Plaintiff fails to allege any facts that support an inference that Defendant Bush's use of force to detain Plaintiff—grabbing Plaintiff's arm—was excessive. Accordingly, Plaintiff has failed to state an unreasonable search claim on which relief may be granted.

**C. Arrest Without Probable Cause**

Plaintiff admitted he was committing a crime in the Defendants' presence. Defendants had probable cause to arrest Plaintiff. Plaintiff has failed to allege any facts that support an inference that the Defendants did not have probable cause to arrest him. Accordingly, Plaintiff has failed to state an unlawful arrest claim on which relief may be granted.

**D. Malicious Prosecution**

In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is

cognizable in an action under § 1983. *Id*. at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007)) (assuming without deciding that such a claim existed). The Sykes court held that, to succeed on a malicious prosecution claim, a plaintiff must show that: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id*. at 308–09; *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing *Sykes*, 625 F.3d at 308–09); *Gregory v. City of Louisville*, 444 F.3d 725, 727 (6th Cir. 2006). A Fourth Amendment claim for malicious prosecution does not require that a Plaintiff demonstrate that the defendant acted with malice. *Sykes*, 625 F.3d at 309–10. In fact, under established Fourth Amendment jurisprudence, a defendant's intent is irrelevant to the analysis, which rests on a determination of reasonableness. *Id*.

Plaintiff has failed to state a claim for malicious prosecution because he has not alleged facts that demonstrate a lack of probable cause for the criminal prosecution or that the criminal proceeding was resolved in his favor. Even after the state district court declined to bind Plaintiff over to the circuit court on the weapons charges because of the search of Plaintiff's person, she bound Plaintiff over to the circuit court on the charge of felon in possession of ammunition. That judicial determination of probable cause effectively forecloses Plaintiff's malicious prosecution claim. Unless the state judge relied on false information o determine that probable cause existed to bind Plaintiff over for trial—and Plaintiff does not make that allegation here—Plaintiff is precluded from relitigating the matter on a theory of malicious prosecution in a § 1983 suit. *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007) (citing *Buttino v. City of Hamtramck*, 87 F.App'x 499 502–05 (6th Cir. 2004)).

Moreover, although the ammunition charge was ultimately dismissed, Plaintiff has failed to allege facts that support the inference that the criminal proceeding was resolved in his favor. "Under Michigan law, when a criminal proceeding is resolved pursuant to a plea bargain, this generally is not considered a termination of the proceedings in the plaintiff's favor." *Kostrzewa v. City of Troy*, 247 F.3d 633, 643 (6th Cir. 2001). The docket shows that Plaintiff's felon in possession of ammunition case was "dismissed per plea agreement in files 24-715-FH & 23-566-FH." *See* https://micourt.courts.michigan.gov/case-search/ (select "Continue," enter "Ingham" in the search box, select Court Name "30th Circuit Court," enter Last Name "Eskin" and First Name "Keith," select Search, select Case ID "2024-00000715-FH-FH") (last visited Sept. 29, 2026). Accordingly, Plaintiff has failed to state a malicious prosecution claim on which relief may be granted.

## IV. Fifth Amendment Violation

Plaintiff alleges that Defendant Bush failed to provide *Miranda* warnings before he asked Plaintiff if he had any weapons. In *Vega v. Tekoh*, 597 U.S. 134, 152 (2022), the Supreme Court explained that "a violation of *Miranda* is not itself a violation of the Fifth Amendment." For that reason, the Court declined to expand *Miranda* to confer a right to sue under § 1983. *Id*. Accordingly, Plaintiff has failed to state a Fifth Amendment *Miranda* claim on which relief may be granted.

## V. Fourteenth Amendment Violation

Plaintiff claims that Defendants were biased and prejudiced against him because of his criminal history. (Am. Compl., ECF No. 27, PageID.173–174.) Construing that language liberally, the Court concludes that Plaintiff is attempting to state a claim under the Fourteenth Amendment's Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). "'Similarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Although Plaintiff uses words like bias, prejudice, and discrimination in his complaint, Plaintiff fails to allege any facts to support his conclusory assertions. Indeed, Plaintiff fails to allege any facts to suggest that he was treated differently than others who were similarly situated. Instead, any allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated. Accordingly, Plaintiff has failed to state an equal protection claim on which relief may be granted.

## Conclusion

The Court will grant Defendants' motions to dismiss Plaintiff's amended complaint for failure to state a claim on which relief may be granted. The Court will enter an order and judgment consistent with this opinion.

Dated: September 30, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge